IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | **Crim. No. 1:09-CR-00356** |
| | **:** | |
| **v.** | **:** | |
| | **:** | |
| | **:** | |
| **JAMES UGOH** | **:** | **Judge Sylvia H. Rambo** |

## M E M O R A N D U M   A N D   O R D E R

Before the Court for disposition is a motion for reconsideration, filed by *pro se* Defendant James Ugoh on January 25, 2021. (Doc. 226). The Defendant's motion asks the Court to reconsider its December 18, 2020 Order (the "December 18th Order") that denied his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (Docs. 214, 225).

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 799 F.2d 906, 909 (3d Cir. 1985); *Max's Seafood Cafe ex rel. Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). The movant must demonstrate one of three grounds for such a motion to be granted: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or to prevent manifest injustice. *Max's Seafood Cafe*, 176 F.3d at 677. "Manifest injustice generally means that the Court overlooked some dispositive factual or legal matter that was presented to it," and "reconsideration

1

based on manifest injustice requires that the error be apparent to the point of being indisputable." *United States v. Gates*, No. CR 17-564, 2020 WL 3407132, at *1 (E.D. Pa. Apr. 21, 2020) (internal citations omitted). However, a motion for reconsideration is not a proper vehicle merely to attempt to convince the court to rethink a decision it has already made. *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993).

In the December 18th Order at issue, the Court found that Defendant's type 2 diabetes mellitus and hypertension, considered together with two recent positive COVID-19 cases among prisoners at his facility, did not rise to the level of extraordinary and compelling circumstances justifying compassionate release. (Doc. 225, p. 4). Notwithstanding whether extraordinary and compelling circumstances existed, however, the Court found that a balance of the 3553 factors did not weigh in favor of reducing the Defendant's sentence. (*Id.*) The Court further noted that, even if the Defendant's sentence was reduced to time served, U.S. Immigration and Customs Enforcement ("ICE") would likely act on its detainer lodged against Defendant and thereby subject him to removal proceedings upon his release from BOP custody. (*Id.*)

Defendant argues that his motion for reconsideration is premised on the need to prevent manifest injustice. (Doc. 226, at 1). Specifically, Defendant asserts that the Court failed to address whether his medical conditions, as well their impact on

his health if he were to contract COVID-19, met the standard for extraordinary and compelling reasons warranting release. (*Id.* at 2-3). Defendant further avers that the Court underestimated his risk of exposure to the virus, as it failed to consider the fact that his facility did not have the capacity to test all inmates. (*Id.* at 2). With respect to the 3553 factors, Defendant contends that the Court failed to properly consider his post-sentencing rehabilitation efforts.[1] (*Id.* at 4-5). Defendant also contends that his immigration status does not prevent this Court from granting release under the compassionate release statute. (*Id.* at 5).

Upon careful review, the Court finds that the Defendant's motion merely entreats the Court to re-evaluate its determination set forth in the December 18th Order. "It is improper on a motion for reconsideration to ask the Court to rethink what it had already thought through—rightly or wrongly." *In re Blood Reagents Antitrust Litig.*, 756 F. Supp. 2d 637, 640 (E.D. Pa. 2010) (quoting *Glendon Energy,* 836 F. Supp. at 1122)). Assuming *arguendo* that Defendant's medical conditions constitute extraordinary and compelling reasons to grant compassionate release, the Court still has no basis to alter its conclusion that his sentence remains necessary based on "the nature and circumstances of the offense and the history and characteristics of the defendant," and "to reflect the seriousness of the offense, to

---

[1] Beyond this general assertion, the Defendant's motion does not specify any post-offense conduct that he previously presented to the Court or that it should have considered.

promote respect for the law, and to provide just punishment for the offense." *See* 18 U.S.C. § 3553(a)(1)-(2)(A). Further, with respect to the Defendant's ICE detainer, even if the Court were to grant compassionate release here, his transfer from BOP custody to ICE custody would not alleviate his concern of potentially contracting COVID-19 while confined. *See United States v. Hadjiev*, 460 F. Supp. 3d 553, 559 (E.D. Pa. 2020) (noting that, as the defendant had "not shown that the Court would have jurisdiction to interfere with ICE acting on the detainer, a temporary release from BOP custody would not mitigate his COVID-19 risks."); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread.").

Accordingly, **IT IS HEREBY ORDERED** that the Defendant's *pro se* motion for reconsideration of the Court's December 18th Order, (Doc. 226) is **DENIED.**

**SO ORDERED.**

*s/Sylvia H. Rambo*
SYLVIA H. RAMBO
United States District Judge

Dated: March 4, 2021